## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

YASMIN V.,
    Plaintiff,

v.

MARTIN O'MALLEY, Commissioner,
Social Security Administration,
    Defendant.

C.A. No. 23-cv-456-JJM-LDA

## ORDER

Before the Court are two motions: (1) Plaintiff's Motion for Reversal of the Disability Determination of the Commissioner of Social Security (ECF No. 9); and (2) The Commissioner's Motion to Remand for Further Proceedings Under Sentence 4 of 42 U.S.C. 405(g) (ECF No. 11). Both parties agree that the Administrative Law Judge ("ALJ") erred so the sole question is whether the Court should remand for further proceedings, or remand with an order to pay benefits.

Yasmin's application for Social Security benefits has been pending since January 2020. The ALJ denied her benefits and, upon her initial motion to reverse, the Commissioner voluntarily requested that this Court remand the matter to the ALJ for further proceedings. *See Yasmin V. v. Kijakazi*, C.A. No. 22-cv-135-JJM-LDA. The ALJ issued a partially favorable decision on remand, which allowed disability benefits as of the day after the previously remanded unfavorable Decision. The ALJ, therefore, evaded the prior Court Order and seemed to simply preserve his prior unfavorable Decision that the Commissioner had conceded was unsustainable.

Once again, Yasmin was required to appeal to this Court and again, the Commissioner agrees that the ALJ's partially favorable decision is incorrect.

The Court should exercise its "equitable power to order benefits in cases where the entitlement is not totally clear, but the delay involved in repeated remands has become unconscionable." *Seavey v. Barnhart*, 276 F.3d 1, 13 (1st Cir. 2001). The delays here are unconscionable. Yasmin has pursued her claim through four years and two erroneous ALJ decisions. It took six months (Order and Judgment in 22-cv-135-JJM-LDA entered 10/4/22; hearing held 4/6/23) for the Commissioner to give Yasmin her new hearing after the prior remand, and another four months for the ALJ to issue his partially favorable Decision (8/1/23) that is the subject of this appeal. Delays are especially unconscionable where the evidence of her disability during that time is at least "very strong" and "there is no contrary evidence." *Id.* at 11; *see also Sacilowski v. Saul*, 959 F.3d 431, 433 (1st Cir. 2020). It is time for Yasmin to be paid full benefits on her strong claim.

Moreover, another remand for further proceedings is unnecessary as the evidence before the ALJ established that Yasmin was disabled and entitled to benefits. 42 U.S. C.§ 405(g). The Court GRANTS Yasmin V.'s Motion to Reverse (ECF No. 9) and DENIES the Commissioner's Motion to Remand for Further Proceedings (ECF No. 11). This case is remanded to the Commissioner under sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) with an order directing the Commissioner to find Yasmin disabled and award her benefits for

the Alleged Onset Date of January 15, 2019, and the Established Onset Date of July 1, 2021.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

May 28, 2024